## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SUN TRANSACTIONS ADVISORS, LLC, | ) | No. 16-24297 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: December 20, 2017 |
| | ) | Hearing Time: 10:30 a.m. |
| | ) | Room No.: 742 |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SUN TRANSACTIONS ADVISORS, LLC FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | FrankGecker LLP |
| Authorized to Provide Professional Services to: | Frances Gecker, solely as Chapter 7 Trustee of Sun Transactions Advisors, LLC |
| Period for Which Compensation is Sought: | July 28, 2016 through October 20, 2017 |
| Amount of Fees Sought: | $54,057.50 |
| Amount of Expense Reimbursement Sought: | $378.18 |
| This is a: | First and Final Fee Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SUN TRANSACTIONS ADVISORS, LLC, | ) | No. 16-24297 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: **December 20, 2017** |
| | ) | Hearing Time: **10:30 a.m.** |
| | ) | Room No.: **742** |

### NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on **December 20, 2017**, at **10:30 a.m.**, we shall appear before the Honorable Carol A. Doyle, or such other judge as may be sitting in her stead, in Courtroom 742 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached First and Final Fee Application Of FrankGecker LLP As Counsel To Frances Gecker, Chapter 7 Trustee Of The Bankruptcy Estate Of Sun Transactions Advisors, LLC For Compensation And Reimbursement Of Expenses.

Dated: November 20, 2017

Respectfully submitted,

FRANCES GECKER, solely as Chapter 7 trustee of Sun Transactions Advisors, LLC

By: /s/ *Micah R. Krohn*
One of her attorneys

Micah R. Krohn (6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, IL 60654
(312) 276-1400
(312) 276-0035 (fax)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| SUN TRANSACTIONS ADVISORS, LLC, ) | No. 16-24297 |
| ) | |
| Debtor. ) | |
| ) | Honorable Carol A. Doyle |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP
AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE
BANKRUPTCY ESTATE OF SUN TRANSACTIONS ADVISORS, LLC FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

FrankGecker, LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of SUN TRANSACTIONS ADVISORS, LLC (the "Debtor"), hereby submits this first and final fee application (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 for legal services performed and expenses incurred as the Trustee's attorneys during the period commencing July 28, 2016 through and including October 20, 2017 (the "Application Period"). In support hereof, FG respectfully represents as follows:

### INTRODUCTION

1. On July 28, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code. On September 15, 2016, the Court entered an order authorizing the Trustee to employ the firm of FrankGecker LLP ("FG") as her attorneys retroactive to July 28, 2016 [Dkt. No. 28].

2. Prior to the Petition Date, the Debtor operated a business brokerage franchise through a network of independent business brokers developed by the Debtor, marketing small businesses principally in the Greater Chicagoland area.

3. As of the Petition Date, the Debtor had entered into listing agreements for the sale of businesses in various stages of the marketing process, several of which had resulted in the execution of asset purchase agreements.

4. On September 15, 2016, this Court entered an order authorizing the Trustee to operate the Debtor's business so that the Trustee could collect commissions owing to the Debtor in connection with the pending sales, and distribute commissions owed to the Debtor's independent brokers and telemarketers (the "Operating Order").

5. Prior to the Petition Date, Joy Williams, the sole owner and operator of Better Life Trading Company Co., Inc., (collectively "Williams" or "Better Life") was employed as the Debtor's Business Manager. Williams had an extensive knowledge of the Debtor's business, including the terms of dozens of executory listing agreements, and close working relationships with the independent brokers and telemarketers involved in the transactions. Williams provided oversight to the brokers while listing agreements were pending, and negotiated any pre-closing reductions in commissions.

6. On September 15, 2016, this Court entered an Order authorizing the Trustee to employ Better Life as the Trustee's Operating Consultant.

7. In consultation with Better Life and FG, the Trustee has closed on listing agreements generating over $346,000 in gross receipts for the estate and facilitating the payment of brokers' and telemarketers' commissions, as administrative claims pursuant to 11 U.S.C. § 503(B)(1) and the Operating Order, totaling $230,584.88.

8. The Trustee anticipates making a payment in the amount of $34,494.49, representing a 73.73% distribution on account of the claim filed in this case.

I.    **SERVICES PERFORMED**

    A.    **Administration**    **$8,826.00**

Counsel spent **20.40** hours at a cost of **$8,826.00** on issues relating to Administration. This category includes all general case administration matters with respect to liquidating the Debtor's assets including rejection of the Debtor's office lease and abandonment of the Debtor's office equipment and furniture. This category also includes the transfer of the Debtor's financial accounts, communications with creditors and interested parties about the bankruptcy proceeding and review of the estate's tax obligations. In addition, FG reviewed the Debtor's business practices, executory contracts, pending litigation and prepared the required summaries of cash receipts and disbursements pursuant to the Operating Order.

    B.    **Asset Investigation**    **$1,763.00**

Counsel spent **4.10** hours at a cost of **$1,763.00** in connection with the review and analysis of the Debtor's pending listings. As of the Petition Date the Debtor had approximately seventy active listings for the sale of businesses in various stages of the marketing process. Upon review and analysis of the Listing Agreements, FG prepared the necessary assumption and rejection motions for presentation to the Court.

    C.    **Court Appearances**    **$708.00**

Counsel spent **1.60** hours at a cost of **$708.00** preparing for and attending court hearings on the motions to employ counsel, the debtor's operating consultant, the Trustee's application to operate the Debtor's business and the application to employ the Trustee's accountant.

    D.    **Operation of Debtor's Business**    **$38,546.00**

Counsel spent **90.10** hours at a cost of **$38,546.00** in connection with, the operation of the Debtor's business pursuant to the Operating Order. FG reviewed the Debtor's business practices, executory contracts, pending litigation and prepared the required summaries of cash receipts and

3

disbursements pursuant to the Operating Order. FG reviewed the established procedures regarding division of commissions and the specific components of the Listing Agreements and managed the approval and closing process of the resulting sales. FG researched the relevant rules and regulations regarding licensed brokers as set forth by the Securities Department of the Illinois Secretary of State. FG also researched and reviewed the regulations governing transactions in other jurisdictions in which the involvement of a real estate broker is required in the transactions contemplated pursuant to the Listing Agreements. FG reviewed and monitored in coordination with Better Life, the progress and completion of sale and closing each of the agreements. FG additionally communicated with various parties and counsel involved the in the transactions and the impact of the assumptions and rejections.

E. **Retention of Professionals/Fee Applications**            **$4,214.50**

Counsel spent **12.0** hours at a cost of **$4,214.50** preparing and filing motions to employ FG as the Trustee's counsel, Best Life Trading, Inc. as Trustee's operating consulting and Alan D. Lasko and Associates as the Trustee's account. Time in this category also includes time spent preparing this first and final application for compensation and reimbursement of expenses and for attendance at hearing on the Final Report and applications for compensation.

II. **ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

A.   Micah R. Krohn (MRK) is senior counsel at FG. Mr. Krohn graduated from the Cardozo School of Law in 1992 after serving as a Lieutenant in the United States Navy. Mr. Krohn served as a law clerk to the Hon. Erwin I. Katz from 1992-1994, and has represented trustees, creditors' committees, debtors and creditors for nearly 25 years.

B.   James Nowak (JN) Mr. Nowak is a graduate of The John Marshall Law School where he was the Administrative Editor of The John Marshall Law Review. Mr. Nowak externed for the Honorable Chief Judge Bruce Black for the Bankruptcy Court for the Northern District of

4

Illinois and for the Office of the United States Trustee. Mr. Nowak works closely with the senior attorneys at FG on a variety of issues from trustee matters to the representation of secured and unsecured creditors.

C. Michael H. Matlock (MHM) is a bankruptcy paralegal at FrankGecker LLP. A graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working in bankruptcy matters in debtor, creditor and trustee cases.

D. Christina S. Smith (CSS) is a paralegal at FG. Ms. Smith assisted counsel with case research and case administration. Ms. Smith has worked as a paralegal specializing in bankruptcy for over fifteen years.

### III. CALCULATION OF TIME AND FEES

9. This is FG's First and Final Application for compensation and reimbursement of expenses in representing the Trustee in this case. It covers the period from July 28, 2016 to and including October 20, 2017. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services rendered for the benefit of the Trustee and the Debtor's bankruptcy estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

10. As set forth in **Exhibit A** hereto, the attorneys and paralegals at FG have spent a total of 128.20 hours providing necessary legal services for the Trustee. FG requests compensation in the amount of $54,057.50 for actual, necessary legal services performed, as itemized in Exhibit A. The average hourly rate is $421.67. Additionally, counsel has expended the sum of $378.18 for actual, necessary expenses incurred in representing the Trustee, as set forth in **Exhibit A**.

11. In preparing this fee application, counsel has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The

5

data used came directly from computer printouts which are kept on each client. The hourly rates charged are the regular hourly rates charged by counsel to its clients. FG worked to avoid any duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

12. FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing or photocopying; instead, such expenses are factored into counsel's normal and customary rate. FG does not include charges for long distance telephone, photocopying or computer research in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, FG's non-bankruptcy clients routinely are billed and pay these types of expenses. See *In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

13. No compensation has been promised to counsel other than as disclosed or approved by this Court. FG certifies that there is no agreement between it and any other party regarding the sharing of fees except with counsel's general partners, and counsel has not discussed or negotiated the amount of its fees with any party except its client. Finally, counsel represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

WHEREFORE, FrankGecker LLP, respectfully requests that this Court enter an Order:

A. Allowing FrankGecker LLP final compensation for legal services provided to the Trustee in the amount of $54,057.50;

6

B.   Allowing FrankGecker LLP final reimbursement of expenses incurred in the amount of $378.18;

C.   Authorizing the Trustee to pay FrankGecker LLP total compensation in the amount of $54,435.68; and

D.   Granting such other relief as the Court deems just and equitable.

Dated: November 20, 2017

Respectfully submitted,

FRANKGECKER, LLP

By:  /s/ *Micah R. Krohn*

Micah R. Krohn (6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:   (312) 276-1400
Facsimile:   (312) 276-0035
mkrohn@fgllp.com

7